IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

KELLY F. SHUPPE,

    Plaintiff,

v.                                    Civil Action No. 5:07CV57
                                            (STAMP)

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.

**MEMORANDUM OPINION AND ORDER**
**AFFIRMING AND ADOPTING REPORT AND**
**RECOMMENDATION OF MAGISTRATE JUDGE**

I. <u>Procedural History</u>

The plaintiff, Kelly F. Shuppe, who is proceeding <u>pro se</u>,[1] filed an application on February 4, 2004 for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. § 401 <u>et seq</u>. In the application, the plaintiff alleges disability since June 2, 2000 due to possible multiple sclerosis, hypothyroidism, and constant infections. The plaintiff's application was denied at the initial and reconsideration levels. The plaintiff requested and received a hearing before an Administrative Law Judge ("ALJ"), which was held on May 26, 2005. At that hearing, the plaintiff amended the alleged disability onset date to June 30, 1995. On June 30, 2005, the ALJ issued a decision finding that the plaintiff was not disabled. The Appeals Council

---

[1] "<u>Pro se</u>" describes a person who represents himself in a court proceeding without the assistance of a lawyer. <u>Black's Law Dictionary</u> 1237 (7th ed. 1999).

denied the plaintiff's request for review, rendering the ALJ's decision the final decision of the Commissioner. Thereafter, the plaintiff filed the present action pursuant to 42 U.S.C. §§ 405(g) and 1381(c)(3) seeking judicial review of the adverse decision.

The case was referred to United States Magistrate Judge James E. Seibert for submission of proposed findings of fact and recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). The plaintiff and the defendant filed cross-motions for summary judgment. Magistrate Judge Seibert considered the plaintiff's and the defendant's motions for summary judgment and submitted a report and recommendation. In his report, the magistrate judge found that the Commissioner's decision to deny the plaintiff's application for DIB was proper because the ALJ properly relied on the nine-year delay between the alleged onset of disability and the filing of benefits to conclude that the plaintiff was only partially credible, that the ALJ did not err in concluding that the plaintiff's hypothyroidism and its symptoms were not disabling, and that no evidence suggested the presence of bias by the ALJ against the plaintiff. Accordingly, the magistrate judge recommended that the defendant's motion for summary judgement be granted and that the plaintiff's motion for summary judgment be denied.

In his report, Magistrate Judge Seibert informed the parties that if they objected to any portion of his proposed findings of

fact and recommendation for disposition, they must file written objections within ten days after being served with a copy of the report. With leave of the Court, the plaintiff filed untimely objections, to which the defendant filed a response. For the reasons set forth below, this Court finds that the magistrate judge's report and recommendation should be affirmed and adopted in its entirety, that the plaintiff's motion for summary judgment should be denied, and that the defendant's motion for summary judgment should be granted.

## II. Standard of Review

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court is required to make a de novo review of those portions of the magistrate judge's findings to which objection is made. However, failure to file objections to the magistrate judge's proposed findings and recommendation permits the district court to review the recommendation under the standards that the district court believes are appropriate. See Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979). Because untimely objections were filed with leave of the Court in this case, a de novo review of those portions of the report and recommendation to which the plaintiff has objected is proper. All other findings of the magistrate judge will be reviewed for clear error.

The Federal Rules of Civil Procedure provide that summary judgment is appropriate if "the pleadings, depositions, answers to

interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The party seeking summary judgment bears the initial burden of showing the absence of any genuine issues of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). In reviewing the supported underlying facts, a court must view all inferences in the light most favorable to the party opposing the motion. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). However, "a party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of [the] pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986).

### III. Discussion

This Court believes that a reiteration of the facts in this case is unnecessary here. Accordingly, this Court relies on the detailed recitation of facts provided in section II of Magistrate Judge Seibert's report and recommendation.

To make a disability determination, an ALJ must undertake a five-step sequential analysis, which is set forth at 20 C.F.R. §§ 404.1520, 416.920. An ALJ must determine whether the claimant (1) is currently employed; (2) has a severe impairment; (3) has an

impairment that meets or equals the requirements of a listed impairment; (4) can perform her past work; and, if she cannot perform her past work, (5) can perform other work in the national economy.

Here, the ALJ determined that the plaintiff was not entitled to a period of disability or disability insurance benefits based, in part, upon his findings that the plaintiff's credibility was suspect because she waited approximately nine years from the date of the alleged onset of disability and the filing of her claims for social security benefits. The ALJ also based his conclusion upon the lack of objective medical evidence indicating or establishing "any combination of related and debilitating symptoms that preclude [the plaintiff's] ability to perform any and all forms of work activity for any 12 consecutive months" during the period at issue. (A.R. 92.)

An ALJ's findings must be upheld if supported by substantial evidence. See Milburn Colliery Co. v. Hicks, 138 F.3d 524, 528 (4th Cir. 1998). Substantial evidence is that which a "'reasonable mind might accept as adequate to support a conclusion.'" Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990)(quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). It is the duty of the ALJ, not of the courts, to make findings of fact and to resolve conflicts in the evidence. The scope of review is limited to determining whether the findings of the Secretary are supported by substantial

evidence and whether the correct law was applied, not to substitute the Court's judgment for that of the Secretary. Id. at 1456.

In her motion for summary judgment, the plaintiff raises three contentions. First, she argues that the ALJ erred by improperly considering the nine-year time delay the filing of her claims as a factor in determining her credibility. Second, she contends that the ALJ committed error by finding that the plaintiff's hypothyroidism and its symptoms were not disabling. Third, the plaintiff alleges that the ALJ exhibited prejudice and bias against the plaintiff. Finally, the plaintiff argues that the ALJ erred by finding that the plaintiff could perform the jobs identified by the Vocational Expert.

The defendant's motion for summary judgment contends that the record contains substantial evidence and supports the ALJ's credibility analysis. The defendant also argues that substantial evidence supports the ALJ's conclusion that the plaintiff was not disabled during the relevant period. Further, the defendant asserts that the plaintiff's allegations of prejudice and bias lack merit. Finally, the defendant urges that the ALJ properly accepted the opinion of the Vocational Expert in determining that the plaintiff could perform other work existing in the national economy.

An ALJ's findings will be upheld if supported by substantial evidence. See Milburn Colliery Co. v. Hicks, 138 F.3d 524, 528

6

(4th Cir. 1998). Substantial evidence is that which a "'reasonable mind might accept as adequate to support a conclusion.'" Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990)(quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Further, the "'possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence.'" Sec'y of Labor v. Mutual Mining, Inc., 80 F.3d 110, 113 (4th Cir. 1996)(quoting Consolo v. Fed. Mar. Comm'n, 383 U.S. 607, 620 (1966)).

A.  Credibility Determination

In his report and recommendation, Magistrate Judge Seibert found that the ALJ did not err by considering the nine-year delay between the alleged onset of disability and the filing of benefits claims. In reaching this conclusion, the magistrate judge determined that the ALJ properly considered this delay because the regulations permit the ALJ to consider the entire record when making a credibility determination. See 20 C.F.R. § 404.1529(c)(3); see also Craig v. Chater, 76 F.3d 585, (4th Cir. 1996.) Moreover, the magistrate judge observed that the ALJ's conclusions did not rest solely upon the time-lapse; rather, the ALJ considered the medical record as a whole, evidence that the plaintiff retained the ability to exercise and take classes, and evidence of the plaintiff's cognitive functioning. Accordingly,

the magistrate judge determined that the ALJ's reliance, in part, upon the plaintiff's delay in filing for benefits was proper.

The plaintiff objects to the ALJ's credibility analysis. Her argument seems to be that the ALJ's credibility assessment is not supported by substantial evidence and that the magistrate judge erred by finding that it was. Specifically, the plaintiff contends that the ALJ improperly considered evidence of the plaintiff's activities. According to the plaintiff, evidence of her activities during the period in question supports rather than undermines her credibility.

This Court finds that substantial evidence supports the ALJ's conclusion concerning the plaintiff's credibility. First, the objective evidence in the medical record supports the ALJ's determination. The medical record indicates that the plaintiff suffered from hypothyroidism, sinus infections, and depression during the relevant period. However, the record lacks documentation of any work-related limitations arising from the plaintiff's medical conditions. Second, the plaintiff's own statements to her physicians support the ALJ's credibility assessment. These statements include specific denials of fatigue or pain and reports by the plaintiff that she felt great or was doing well. The record contains no suggestion by the plaintiff to her physicians that she suffered from debilitating pain, disabling fatigue, or other ailment limiting her ability to work during the

8

period in question. Finally, evidence of the plaintiff's activities, which include exercise and attending classes, augments the evidence supporting the ALJ's credibility assessment. So, too, does the nine-year delay in filing. For these reasons, this Court finds that the ALJ did not err when making his credibility assessment and that substantial evidence supports the ALJ's conclusion that the plaintiff's credibility was suspect.

B.  <u>Disabling Effect of Hypothyroidism and Its Symptoms</u>

The magistrate judge found that substantial evidence supports the ALJ's determination that the plaintiff's hypothyroidism and its symptoms are not disabling. The magistrate judge found that the medical record, which included evidence of the plaintiff's activities, and the opinion of state agency physician Dr. Franyutti provided substantial evidence to support the ALJ's determination.

As with her objections concerning the ALJ's assessment of her credibility, the plaintiff objects to the reliance placed upon her activities during the relevant period as evidence that her medical condition imposed no disabling limitations on her ability to work. She also objects to the reliance on Dr. Franyutti's opinion because he did not physically examine her.

The plaintiff's objections lack merit. The medical record establishes that the plaintiff has hypothyroidism and that she took medication to control that condition during the relevant period. According to the medical record, the plaintiff's condition was

managed and successfully controlled by medication. The plaintiff reported no side effects from the medication, and she indicated to her physicians that she was doing well. The record simply contains no objective medical evidence that the plaintiff suffered from disabling impairments resulting from her hypothyroidism or its symptoms. That the plaintiff reported exercising during this period merely provides further support for the ALJ's conclusion that the plaintiff did not suffer from a disabling impairment arising from her medical condition.

Moreover, the ALJ properly considered the opinion of Dr. Franyutti, which concluded that the plaintiff had no exertional, postural, manipulative, visual, communicative, or environmental limitations, and no significant functional limitations. Pursuant to 20 C.F.R. § 404.1527(f)(1), "all evidence from nonexamining sources [is considered] opinion evidence." 20 C.F.R. § 404.1527(f)(1). Therefore, a State agency physician reviews and considers the evidence in a claimant's case record and "make[s] findings of fact about the medical issues, including, but not limited to, the existence and severity of . . . impairment(s), the existence and severity of . . . symptoms, whether . . . impairment(s) meets or equals the requirements for any impairment listed in appendix 1 to this subpart, and . . . residual functional capacity." Id. The regulations do not provide for the reviewing physician to physically examine the claimant in making these

factual findings.  See 20 C.F.R. § 404.1527(f)(1).  Accordingly, the plaintiff's objection that Dr. Funyatti's opinion should be disregarded because he did not physically examine the plaintiff lacks merit.

This Court finds that the ALJ properly considered all of the evidence, including the plaintiff's activities during the period at issue and the opinion of Dr. Franyutti.  Accordingly, this Court agrees with the magistrate judge that the ALJ did not err in his determination that the plaintiff's hypothyroidism imposes no disabling limitation upon the plaintiff.

C.  Alleged Prejudice and Bias of Administrative Law Judge

In her motion for summary judgment, the plaintiff asserts that certain questions the ALJ asked at the beginning of the hearing demonstrate bias.  Specifically, she points to questions concerning the plaintiff's residence, household, and spouse's employment.  She also argues that the ALJ's bias is demonstrated by his repeatedly mentioning the delay between the alleged onset of disability and the filing of benefits claims.  The plaintiff also claims that evidence of the ALJ's bias may be found in his conclusion that the plaintiff retained significant cognitive functional abilities and that the plaintiff was capable of performing the jobs identified by the Vocational Expert.

The magistrate judge found that the ALJ's questions at the hearing, rather than showing bias, properly sought to establish a

11

context within which to evaluate the plaintiff's alleged disability. Further, as discussed above, the magistrate judge found that the ALJ reasonably considered the delay between the plaintiff's alleged disability onset date and her application for disability benefits, and that such consideration provided no evidence of bias. Similarly, the magistrate judge concluded that the ALJ's acceptance of the Vocational Expert's opinion that the plaintiff could perform certain jobs offers no indication of bias.

The plaintiff's objections to the magistrate judge's report and recommendation repeat her allegations of bias by the ALJ. These objections are meritless. The ALJ asked reasonable and appropriate questions concerning the plaintiff's background and current circumstances to enable him to understand the context within which the plaintiff brought her claims. Similarly, the ALJ properly mentioned the filing delay as evidence that he considered in reaching his decision. The ALJ's observations concerning the delay were based upon the evidence in the record, were factually correct, and formed but one basis for his finding that the plaintiff was only partially credible. Additionally, the ALJ did not demonstrate bias by relying upon the Vocational Expert's opinion. Pursuant to 20 C.F.R. § 404.1566(e), an ALJ may engage the services of a Vocational Expert to aid the ALJ in determining whether a claimant's skills are transferrable to other jobs. 20 C.F.R. § 404.1566(e). Subsequent reliance by an ALJ on such an

12

opinion in no way suggests bias. This Court finds that the ALJ did not demonstrate bias either in the manner in which he conducted the hearing or in the conclusions he reached.

D. Opinion of the Vocational Expert

The plaintiff also argues that the ALJ's adoption of the Vocational Expert's opinion--in addition to demonstrating bias[2]--was in error because the jobs identified by the Vocational Expert failed to account for all of the limitations in the plaintiff's Residual Functional Capacity ("RFC"). The Vocational Expert testified that, given the limitations identified in the RFC, a person of the plaintiff's age, educational background, and work experience would be capable of perform work as a janitress, hand packager, housekeeper, and cafeteria attendant/ food counter worker. Because the RFC included a limitation of that the plaintiff's work environment should not include concentrated exposure to, among other things, pollutants, the plaintiff contends that inclusion of the jobs of janitress and housekeeper, which necessarily involve chemical fumes and odors, was in error.

In the opinion of the magistrate judge, the ALJ reasonably concluded that despite some exposure to fumes and odors, the plaintiff was still capable of performing these jobs because these jobs do not entail concentrated, or excessive, exposure to

---

[2]As discussed above, this Court finds that the ALJ did not demonstrate any bias against the plaintiff, and that she received a full and fair hearing before an impartial decision-maker.

pollutants.  Additionally, the magistrate judge noted that even if the ALJ erred by including these jobs among those that accommodated the plaintiff's RFC, such error would not require remand because two other jobs remained available to the plaintiff.  See 20 C.F.R. § 404.1566(b) (ALJ satisfies burden at step five of the sequential analysis by showing of even one job that exists in significant numbers in the national economy).  Here, the Vocational Expert identified two other jobs--hand packager and cafeteria attendant/food counter worker--which meet the plaintiff's RFC limitations and which exist in significant numbers in the national economy.

Finally, the magistrate judge found that the ALJ did not err by declining to accept the Vocational Expert's opinion that the plaintiff could perform no work if she needed to take one-hour breaks during the workday.  An ALJ is not required to accept the answer to a hypothetical question where such question is predicated upon unreliable evidence.  See Craigie v. Bowen, 835 F.2d 56, 57-58 (3d Cir. 1987).  Here, the ALJ found that the plaintiff suffered from fatigue but that the record does not support a finding that she suffered debilitating fatigue that would require accommodation of a need to take hour-long breaks during the work day.  The magistrate judge found that because the limitation presented in the hypothetical was premised upon the plaintiff's subjective complaints, which the ALJ did not fully credit, the ALJ had the

14

discretion to accept or reject the Vocational Expert's opinion. This Court agrees. The absence of objective medical evidence to support the plaintiff's subjective claims of fatigue left discretion in the ALJ to disregard the Vocational Expert's testimony concerning the dearth of jobs that would accommodate an RFC limitation requiring hour-long naps.

After conducting a de novo review of the record, this Court agrees with the magistrate judge that substantial evidence in the record supports the ALJ's determination that the plaintiff's impairments did not significantly limit her ability to work during the relevant period. Accordingly, this Court finds that the report and recommendation of the magistrate judge should be affirmed and adopted in its entirety.

## IV. Conclusion

Based upon a de novo review of the record, this Court finds that the plaintiff's objections to the report and recommendation lack merit. Accordingly, this Court hereby AFFIRMS and ADOPTS the magistrate judge's report and recommendation in its entirety. For the reasons stated above, the defendant's motion for summary judgment is GRANTED, and the plaintiff's motion for summary judgment is DENIED. It is ORDERED that this case be DISMISSED and STRICKEN from the active docket of this Court.

Should the plaintiff choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit

on the issues to which objection was made, she is ADVISED that she must file a notice of appeal with the Clerk of this Court within 30 days after the date that the judgment order in this case is entered.  See Fed. R. App. P. 4(a)(1).

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:    September 18, 2008

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE